# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| LESLIE M. JORDAN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:08-CV-6 CDL |
| | : 28 U.S.C. § 2674 |
| UNITED STATES DHS/ICE, | : FEDERAL TORT CLAIMS ACT |
| and MICHAEL B. MUKASEY, | : |
| United States Attorney General, | : |
| Defendants. | : |

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* and RECOMMENDATION OF DISMISSAL

Plaintiff Jordan has filed a pro se civil rights action under the Federal Tort Claims Act (FTCA) against the United States and federal employees of the United States. Plaintiff has also filed a motion to proceed *In Forma Pauperis*, seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Notwithstanding any filing fee or any portion thereof that may have been paid, or the finding that a plaintiff is unable to pay the filing fee, however, the court is required to dismiss a prisoner complaint if it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

<u>Preliminary Review of Complaint</u>

Pursuant to 28 U.S.C. § 1915A (1996):

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Plaintiff filed suit under the FTCA asserting that DHS/ICE conspired with Correction Corporation of America (CCA) on August 13th and 31st, by tampering with Plaintiff's mail and confiscating Plaintiff's marriage license and son's birth certificate. (R-1). Plaintiff seeks punitive damages only in the amount of $200,000,000.00 (two hundred million dollars). *Id*. The FTCA contains an express waiver of sovereign immunity for the purposes of bringing tort actions against the United States and provides the sole remedy for torts committed by the United States and federal employees acting in their official capacities. 28 U.S.C. § 2671 *et seq.* As stated, Plaintiff has requested relief in the form of punitive damages only. Under the Federal Torts Claim Act, however, the United States is not liable for punitive damages. 28 U.S.C. § 2674. Plaintiff has failed to state a claim upon which relief may be granted. Consequently, Plaintiff's claims have no legal basis and are otherwise frivolous.

Additionally, § 2675(a) of the FTCA provides that an administrative claim must be filed with the appropriate agency before a suit can be initiated under the FTCA. 18 U.S.C. § 2675(a). To satisfy the provisions of § 2675(a), a plaintiff must (1) provide the appropriate agency with written notice of his claim sufficient to enable the agency to investigate, and (2) place a value on his claim. *Burchfield v. U.S.,* 168 F.3d 1252, 1253 (11th Cir. 1999).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  28 U.S.C. § 2675(a).

*Barnett v. Okeechobee Hosp.* 283 F.3d 1232, 1236-37 (11th Cir. 2002). Here, Plaintiff Jordan has failed to show, or even plead, that he has complied with 28 U.S.C. § 2675(a). Accordingly, it appears Plaintiff has also failed to satisfy the statutory prerequisites for a Federal Tort Claims Act suit.

**WHEREFORE**, Plaintiff's Motion To Proceed *In Forma Pauperis* is hereby **GRANTED.** However, it is also RECOMMENDED that Plaintiff's case be DISMISSED on the ground that his complaint is frivolous. Pursuant to 28 U.S.C.A. § 636(b)(1), Plaintiff may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 11th day of February, 2008.

                                            S/ G. MALLON FAIRCLOTH
                                            UNITED STATES MAGISTRATE JUDGE

mZc